UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
ILANIT DASKAL,

                Plaintiff,

  -against-                           **MEMORANDUM AND ORDER**
                                     19-CV-3136 (FB) (CLP)
SELIP & STYLIANOU, LLP,

                Defendant.
--------------------------------------------------x

**BLOCK, Senior District Judge:**

      The plaintiff in this action has alleged that the defendant violated the Fair Debt Collection Practices Act by pursuing two separate state-court actions against her for the same debt. The defendant has denied the allegation and has submitted an apparently authentic copy of a notice discontinuing one of the state-court actions several months before the second state-court action was filed.

      Instead of moving to dismiss the complaint, the defendant has moved for sanctions. It argues that the plaintiff's lawsuit is patently frivolous and posits that it was filed to harass it into forgiving a legitimate debt and/or offering a "nuisance value" monetary settlement. It seeks sanctions under 28 U.S.C. § 1927 for "multipl[ying] the proceedings . . . unreasonably and vexatiously" and under the Court's inherent authority to "levy sanctions in response to abusive litigation practices," *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980).

1

The defendant's motion is premature. The complaint remains pending. There has been no finding that it is frivolous, let alone that it was filed in bad faith. *See Olivieri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986) ("[A]n award made under § 1927 must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent power."). The time and effort it would take to make those findings far exceeds the time and effort that it took to prepare an answer.

That said, plaintiff's counsel is now unquestionably on notice that there is a serious problem with the complaint. If he voluntarily dismisses it, the matter will be at an end. If, however, he persists and requires the defendant to engage in motions practice, the Court will seriously consider sanctions—unless, of course, he can refute the defendant's proof that it did not simultaneously pursue two lawsuits for the same debt.

Therefore, plaintiff's counsel shall, within 14 days of this Memorandum and Order, advise the Court whether he will voluntarily dismiss the complaint. If he fails to respond, the complaint will be dismissed for failure to prosecute.

**SO ORDERED.**

  /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 26, 2019